UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHERINE FREDERICK<br>1122 Clague Road<br>Westlake, Ohio 44145<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>EDWARDS FINANCIAL GROUP LLC<br>c/o Douglas K. Paul<br>215 West Garfield Road, Suite 230<br>Aurora, Ohio 44202<br><br>　　　and<br><br>EDWARD PAVICIC<br>30205 Clemens Road, Suite B<br>Westlake, Ohio 44145<br><br>　　　Defendants. | CASE NO.:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Katherine Frederick, by and through counsel, and for her Complaint against Edwards Financial Group LLC and Edward Pavicic (collectively "Edwards") states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for all of the hours she worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

2. Plaintiff also brings this lawsuit as a result of Defendants' termination of Plaintiff's employment in retaliation for engaging in the protected activities of complaining to Defendants about unlawful wage practices, in violation of the FLSA, 29 U.S.C. § 215 and the OMFWSA, R.C. § 4111.13.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants' principle place of business is in Westlake, Ohio, Defendants conducts business in this Division and District, and a substantial part of the events or omissions giving rise to the claims occurred in Westlake, in Cuyahoga County, Ohio, which is within this District and Division.

## PARTIES

6. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Cuyahoga County, Ohio.

7. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. At all times relevant herein, Defendant Edwards Financial Group LLC was a for profit corporation doing business throughout the State of Ohio.

9. At all times relevant herein, Defendant Edward Pavicic was a citizen of the United States, Defendant Edwards Financial Group LLC's owner, and had operational control over all aspects of Defendants' day-to-day functions, including compensation of employees.

10. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and/or 29 C.F.R. § 825.104(d).

11. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

### FACTUAL ALLEGATIONS
**(Failure to Pay Overtime Compensation)**

15. Plaintiff Katherine Frederick was employed by Defendants between August 15, 2016 and March 16, 2017 as a controller at Defendants' 30205 Clemens Road, Suite B, Westlake, Ohio location.

16. While employed by Defendants, Plaintiff's job duties and responsibilities were clerical and office duties, including, but not limited to, preparing standard paperwork pursuant to Defendants' policies and practices, imputing information into Defendants' systems, bookkeeping,

collecting documents from subcontractors, collecting project manager reports, providing reports, banking duties, mail, filing, and obtaining City permits.

17. Plaintiff did not supervise the equivalent of two (2) full-time employees, did not have the authority to hire, fire, or promote employees, and did not direct the work of two or more employees.

18. Plaintiff did not perform office work directly related to the management or general business operations of Defendants, and did not exercise discretion and independent judgment with respect to matters of significance.

19. Defendants inappropriately classified Plaintiff as an exempt employee and paid her a salary wage of approximately $34,000.00 per year.

20. Plaintiff regularly worked over 40 hours per week, but Defendants failed to pay Plaintiff overtime compensation for all of the hours she worked over 40 each workweek.

21. During her employment with Defendants, Plaintiff estimates that she worked on average approximately 45-60 hours per workweek.

22. Defendants had knowledge that Plaintiff worked more than 40 hours per week.

23. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours she worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

24. Defendants did not have timekeeping policies and procedures for its employees, such as Plaintiff.

25. Defendants failed to make, keep, and preserve accurate records of all of the hours worked by Plaintiff.

26. As a result of Defendants' record-keeping practices, the majority of the overtime work performed by Plaintiff is unrecorded in Defendants' time and earnings records.

**(Retaliation)**

27. Plaintiff engaged in a protected activity under the FLSA on March 15, 2017 when she complained to Defendant Edward Pavicic in an email about not being paid overtime compensation for the overtime hours she worked, and demanded her overtime compensation for overtime hours worked be paid.

28. In response to Plaintiff's March 15, 2017 email, Defendant Pavicic emailed Plaintiff stating:

> "I am extremely shocked by this email.
>
> You are not an hourly person.
>
> I need you in the office tomorrow to review your contract and cause for termination. Please be here at 9 am tomorrow."

29. On or around March 16, 2017, during a meeting, Defendants terminated Plaintiff's employment because she complained about unpaid overtime compensation and asserted her right with respect to her unpaid overtime compensation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for all of the hours she worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

32. Defendants' failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 CFR § 516.2(a)(7).

33. By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received overtime due to her pursuant to the FLSA.

## COUNT TWO
### (Fair Labor Standards Act Retaliation)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff engaged in a protected activity by asserting her rights under the FLSA on March 15, 2017 when she complained to Defendant Edward Pavicic in an email about not being paid overtime compensation for the overtime hours she worked, and demanded her overtime compensation for overtime hours worked be paid.

37. Defendants were aware that Plaintiff engaged in a protected activity under the FLSA as they received and responded to the March 15, 2017 email from Plaintiff.

38. The day after Plaintiff complained about not being paid overtime compensation for the overtime hours she worked and demanded her overtime compensation for overtime hours worked be paid, Defendants retaliated against Plaintiff by terminating her employment.

39. Plaintiff was qualified for the position of controller with Defendants.

40. Defendants' retaliatory conduct was engaged in recklessly, maliciously, and intentionally.

41. As a result of Defendants' retaliatory conduct, Plaintiff's rights under 29 U.S.C. § 215(a)(3) were violated, and Plaintiff has a remedy under 29 U.S.C. § 216(b).

## COUNT THREE
### (OMFWSA Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendants' practice of misclassifying Plaintiff as an "exempt" worker violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

44. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

45. Defendants' failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the OMFWSA, R.C. § 4111.08.

46. By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

47. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received overtime due to her pursuant to the OMFWSA.

## COUNT FOUR
### (OMFWSA Retaliation)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff engaged in a protected activity by asserting her rights under the OMFWSA on March 15, 2017 when she complained to Defendant Edward Pavicic in an email about not being

paid overtime compensation for the overtime hours she worked, and demanded her overtime compensation for overtime hours worked be paid.

50. Defendants were aware that Plaintiff engaged in a protected activity under the OMFWSA as they received and responded to the March 15, 2017 email from Plaintiff.

51. The day after Plaintiff complained about not being paid overtime compensation for the overtime hours she worked and demanded her overtime compensation for overtime hours worked be paid, Defendants retaliated against Plaintiff by terminating her employment.

52. Plaintiff was qualified for the position of controller.

53. Defendants' retaliatory conduct was engaged in recklessly, maliciously, and intentionally.

54. As a result of Defendants' retaliatory conduct, Plaintiff's rights under R.C. § 4111.13(B) were violated, and Plaintiff has a remedy under R.C. § 4111.14.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff monetary damages for lost front pay and back pay caused by Defendants' retaliatory conduct;

D. Award Plaintiff liquidated damages caused by Defendants' retaliatory conduct;

E. Award Plaintiff punitive damages for Defendants' willful retaliatory conduct;

F. Award Plaintiff statutory damages under the OMFWSA of not less than one hundred fifty dollars for each day since the retaliation has occurred;

G. Award Plaintiff pre- and post-judgment interest at the statutory rate;

H. Award Plaintiff attorneys' fees, costs, and disbursements; and

I. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiff